UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 25, 2017

LETTER TO COUNSEL

      RE:    *Jackie L. Bullion v. Commissioner, Social Security Administration*;
              Civil No. SAG-16-3881

Dear Counsel:

On December 3, 2016, Plaintiff Jackie L. Bullion petitioned this Court to review the Social Security Administration's final decision to deny her claims for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Bullion filed claims for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income Benefits ("SSI") on July 16, 2010, alleging a disability onset date of July 1, 2009. (Tr. 411-14, 415-19). Ms. Bullion later amended her alleged disability onset date to July 1, 2010. (Tr. 440). Her claims were denied initially and on reconsideration. (Tr. 272-76, 277-83, 284-90). A hearing was held on December 4, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 101-65). Following the hearing, the ALJ determined that Ms. Bullion was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 243-61). On February 12, 2014, the Appeals Council ("AC") granted Ms. Bullion's request for further review, vacated the ALJ's decision, and remanded the case for further proceedings. (Tr. 262-65). Additional hearings were held on June 24, 2014, and on September 10, 2014. (Tr. 166-71, 172-236). Following the hearings, the ALJ again determined that Ms. Bullion was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 69-92). The AC denied Ms. Bullion's request for further review, (Tr. 1-6), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Bullion suffered from the severe impairments of "cervical and lumbar degenerative disk disease, asthma/chronic obstructive pulmonary disease, obesity, anxiety, depression and a bipolar disorder." (Tr. 72). Despite these impairments, the ALJ determined that Ms. Bullion would retain the residual functional capacity ("RFC") to:

> lift, carry, push and pull 10 pounds frequently and 20 pounds occasionally, to sit
> for 6 hours in an 8 hour workday, to stand and walk, in combination, for 6 hours

>out of 8, but with the claimant needing a sit and stand option in any work due to a need to change positions at least every 30 minutes, thus resulting in the claimant needing a stool, with the claimant being able to perform all postural activities on an occasional basis except the claimant can never climb ladders, ropes or scaffolds and can possibly balance up to frequently, with the claimant needing to avoid concentrated exposure to hazards and to extremes of heat, cold, humidity, fumes, odors, dust or other airborne irritants, with the claimant being limited to only occasional interaction with the public and no more than frequent interaction with co-workers, and with the claimant being additionally limited to unskilled work.

(Tr. 76-77). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Bullion could perform several jobs existing in the national economy and therefore was not disabled. (Tr. 90-92).

Ms. Bullion raises two arguments on appeal: (1) that the ALJ erroneously relied upon the testimony of the VE; and (2) that the ALJ erroneously assessed her RFC. I agree that the ALJ failed to include all of Ms. Bullion's limitations in the hypothetical posed to the VE, and I therefore remand the case. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Bullion is not entitled to benefits is correct.

First, Ms. Bullion argues that the ALJ erroneously relied upon the testimony of the VE. Specifically, Ms. Bullion contends that the ALJ failed to include all of Ms. Bullion's limitations in her hypothetical question to the VE by not specifying that Ms. Bullion "would be limited to simple, 1 and 2 step instructions." Pl. Mot. 4; *see also* (Tr. 89). Ms. Bullion also contends that the ALJ failed to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 166 F.3d 1209, *5 (4th Cir. 1999) (unpublished table decision), and need only pose those questions that are based on substantial evidence and accurately reflect a claimant's limitations. *See Walters v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-415, 2017 WL 211491, at *5 (D. Md. Jan. 18, 2017) (citing *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988)). A hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). Yet, "[i]n order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989) (internal citations omitted).

Here, the ALJ failed to pose a hypothetical question that adequately set forth all of Ms. Bullion's limitations. In her RFC assessment, the ALJ concluded: "[Ms. Bullion] would be limited to *simple, 1 and 2 step instructions*; therefore, she would be limited to unskilled work." (Tr. 89) (emphasis added). During the hearing, however, the ALJ framed the hypothetical to the VE by stating: "[D]ue to her allegations of problems with concentration or focus or depression, whatever it's coming from, I'm going to put her at the unskilled work level." (Tr. 225). The

*Jackie L. Bullion v. Commissioner, Social Security Administration*;
Civil No. SAG-16-3881
October 25, 2017
Page 3

ALJ's line of questioning, and the VE's testimony, made no reference to Ms. Bullion's ability to understand and follow instructions. The ALJ's hypothetical therefore failed to incorporate her specific finding that Ms. Bullion was limited to simple, one- and two-step instructions. *See Walker*, 889 F.2d at 51 (holding that remand was appropriate when "the ALJ did not ask questions that ensured that the vocational expert knew what the claimant's abilities and limitations were").

Moreover, even if the VE somehow understood Ms. Bullion's limitation to one- and two-step instructions, the ALJ failed to identify and resolve the apparent conflict between the VE's testimony and the DOT. *See* (Tr. 230, 231). Based on her RFC assessment, Ms. Bullion is limited to simple, one- and two-step instructions, which are consistent with the requirements in Level One of DOT's GED Reasoning Development Scale. *See* Dictionary of Occupational Titles, App. C, 1991 WL 688702 (noting that an individual with Level One reasoning skills can "[a]pply commonsense understanding to carry out *simple one- or two-step instructions*") (emphasis added). The VE, however, concluded that Ms. Bullion could work in occupations that require Level Two reasoning skills, including small parts assembler, shipping and receiving weigher, and office helper. (Tr. 91, 230-31); *see* Dictionary of Occupational Titles, App. C, 1991 WL 688702 (noting that an individual with Level Two reasoning skills can "[a]pply commonsense understanding to carry out *detailed but uninvolved written or oral instructions*") (emphasis added). Despite Ms. Bullion's express limitation to one- and two-step instructions, the ALJ accepted the VE's testimony without providing any explanation for the apparent conflict with DOT requirements. *See Henderson v. Colvin*, 643 F. App'x 273, 276-78 (4th Cir. 2016) (requiring remand due to the ALJ's failure to resolve an apparent conflict between the claimant's limitation to "simple one-to-two step tasks" and the VE's testimony that the claimant could perform jobs with Level Two reasoning skills requiring "commonsense understanding to carry out detailed but uninvolved written or oral instructions").

The Commissioner contends that Ms. Bullion's argument is unpersuasive, asserting that "courts in this district have found that reasoning levels of two and three are consistent with limitations to simple instructions and unskilled work." Def. Mot. 6. This argument has no merit. Although unskilled work is "tantamount to simple, routine tasks," *Dardozzi v. Colvin*, Civil No. SAG-16-20, 2016 WL 6085883, at *5 (D. Md. Oct. 18, 2016), the ALJ in the instant case incorporated an express and precise limitation to simple, one- and two-step instructions. *See Henderson*, 643 F. App'x at 276-78; *see also Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1002-04 (9th Cir. 2015) (holding that jobs with Level Two reasoning skills require additional reasoning and understanding above the ability to complete one- and two-step tasks). The ALJ's broad reference to "unskilled work" did not encompass that limitation. Remand is therefore appropriate.

Turning to the less persuasive argument, Ms. Bullion contends that the ALJ erroneously performed her RFC assessment by "fail[ing] to set forth a narrative discussion [describing] how the evidence supported each conclusion[.]" Pl. Mot. 10. Specifically, she contends that the ALJ "did not explain how she determined that the Plaintiff was limited [sic] the performance of simple, 1 and 2 step instructions." *Id.* Social Security regulations require an ALJ to include "a

narrative discussion of [the] claimant's symptoms and medical source opinions." *Bell v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-1351, 2017 WL 2416906, at *3 (D. Md. June 2, 2017) (citation omitted).  In doing so, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Dolinger v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-219, 2017 WL 1078450, at *3 (D. Md. March 22, 2017) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000)).  Here, the ALJ provided "an accurate and logical bridge" between Ms. Bullion's limitations and the RFC determination.  Most significantly, in formulating the RFC assessment, the ALJ thoroughly discussed and evaluated the medical evidence related to Ms. Bullion's psychological limitations, including the medical opinions of Dr. Kirmani and Dr. Price.  (Tr. 86-89).  In particular, the ALJ noted that Dr. Kirmani opined that Ms. Bullion "remembered 2 of 3 items after a 5 minute delay," (Tr. 87), "was able to spell her name backwards," *id.*, "could perform simple addition, subtraction and multiplication without resort to pencil and paper," *id.*, and "could understand, remember and carry out instructions," (Tr. 86).  Moreover, Dr. Price opined that Ms. Bullion "remembered 3 of 5 items immediately afterwards, and 1 of 5 after a delay[,] . . . could remember a sequence of 4 numbers forwards and 4 backwards[,] and was able to perform serial sevens." (Tr. 87).  The ALJ further noted that Ms. Bullion was "able to handle her own money and make purchases[], activities requiring a modicum of attention, memory and concentration." (Tr. 88).  Accordingly, I find that the ALJ properly set forth a narrative discussion, and remand is not warranted on this basis.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 15), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 16), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States Magistrate Judge